[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Marianne Donahue, age 38, whose maiden name was Marianne Fusco, and the defendant Joseph H. Donahue, were married on March 3, 1984 at Torrington, Connecticut. There are two minor children issue of the marriage, Sarah Donahue, born August 5, 1985 and Nicholas Donahue, born November 28, 1988.
The parties purchased a lot at 1233 Old Northfield Road in Thomaston, Connecticut some three months after their marriage for $8,000.00 from the defendant's savings. An additional $4,000.00 was expended, $3,000.00 from the defendant and $1,000.00 from the plaintiff. These funds were used to construct a driveway and drainage construction. Building materials were saved over a three year period and construction began thereafter. Most of the construction work was done by the defendant with the exception of electrical work and plumbing. Last year the defendant built a barn on the property where he keeps various tools of his trade. The parties agree that the value of the jointly owned home is $150,000.00, subject to a $76,000.00 construction mortgage.
After the parties moved into their home and for a time thereafter, the defendant worked on the home. However, it has not as of this date been completed and this has caused a breakdown of their marriage. Arguments CT Page 911 ensued and no work has been done since 1992.
The plaintiff works as an LPN at Silver Springs Nursing Center earning $570.00 per week with a net of $382.00. The defendant works for New England Building Products earning $509.00 per week with a net of $381.00. Each has a pension and/or retirement plan. The plaintiff presently provides health insurance for the defendant and the children. The parties are in agreement for an order of joint custody of the minor children.
Based upon the evidence, the length of the marriage and the factors set forth in General Statutes 46b-81,46b-84, the court finds that the following orders shall enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. The parties shall share joint custody of the minor children with the primary residence with the plaintiff. The defendant to have reasonable, flexible and liberal visitation with the children including one evening per week overnight; the defendant to pick up the children from daycare and deliver them to school the following morning.
3. The defendant shall pay to the plaintiff $700.00 per month as support on or before the 15th day of each month commencing February, 1994.
4. The plaintiff shall have sole possession of the marital home located at 1233 Northfield Road, Thomnaston [Thomaston], until the youngest child who survives reaches eighteen years, the plaintiff's remarriage or her cohabitation as provided in General Statutes 46b-86(b). Upon either of the above events, the property shall be sold and the net proceeds divided 50-50. During her occupancy, the parties shall be responsibile [responsible] for the mortgage, taxes, and insurance on said property. To defray these costs, the defendant shall pay to the lending institution the sum of $75.00 per week. To insure this payment, the plaintiff is awarded $1.00 per year alimony until the house is sold. CT Page 912
5. The plaintiff shall provide health insurance for the minor children as available through her employment. The parties shall divide equally any deductible, unreimbursed medical, dental, psychiatric, orthodontic treatment, prescription medicines, etc. for the benefit of the minor children.
6. The plaintiff shall be entitled to claim as a tax deduction for federal and state income tax purposes, Nicholas Donahue. The defendant shall be entitled claim as a tax deduction for federal and state income tax purposes, Sara Donahue.
7. The parties shall divide the contents of the marital home to their mutual satisfaction. Each shall keep his/her own bank accounts as listed on the respective financial affidavits and each shall be responsible for his/her own debts as listed on the respective financial affidavits. The plaintiff shall keep the lawn tractor and wood chipper to maintain the marital home.
8. The defendant shall pay to the plaintiff $900.00 as lump sum alimony representing unpaid support and partial reimbursement for wood purchased to heat the home on or before March 1, 1994.
PICKETT, J.